DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that found appellant guilty of two counts of trafficking in methamphetamines, with one count carrying a major drug offender specification. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} On August 2, 2007, appellant was indicted on two counts of trafficking in methamphetamines, first degree felonies in violation of R.C. 2925.03(A)(1) and (C)(1)(f). One count carried a major drug offender specification pursuant to R.C. 2929.01(X). On October 29, 2007, appellant appeared for arraignment and entered a plea of not guilty. On April 21, 2008, appellant waived his right to trial, withdrew his former plea of not guilty, and entered a guilty plea to the charges stated in the indictment. The trial court found appellant guilty and proceeded directly to sentencing, imposing consecutive terms of eight years imprisonment on Count 1, eight years on Count 2, and ten years for the major drug offender specification.
 {¶ 3} Appellant sets forth the following assignment of error:
 {¶ 4} "A. The trial court, fully aware of defendant's status as a citizen of a foreign country, failed to apprise appellant of his right to consular notification and assistance under the Vienna Convention on Consular Relations before accepting appellant's plea of guilty."
 {¶ 5} Article 36 of the Vienna Convention on Consular Relations and Operation Protocols ("Vienna Convention") requires a government that arrests, imprisons, or detains a foreign national to inform him of his right to contact his consulate. Appellant asserts that the trial court violated his rights under Article 36(1)(b) of the Vienna Convention by failing to notify him at the plea hearing of his right to inform and seek assistance from the Mexican consulate. *Page 3 
 {¶ 6} Appellant has not provided this court with a transcript of his plea hearing. While it is not disputed that the trial court was aware of appellant's status as a Mexican national and still did not inform appellant of his right to seek assistance from the Mexican consulate, it is also not disputed that appellant did not raise this issue at that time. Appellant asserts that the failure to inform him of this right caused him great prejudice.
 {¶ 7} Appellant waives all but plain error as to this issue because trial counsel did not raise the issue of consultation with the consulate prior to appellant's plea. The plain error doctrine represents an exception to the usual rule that errors must first be presented to the trial court before they can be raised on appeal. It permits an appellate court to review an alleged error where such action is necessary to prevent a manifest miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91. In order to prevail under a plain error standard, an appellant must demonstrate that there was an obvious error in the proceedings and, but for the error, the outcome of the trial clearly would have been otherwise. State v. Noling, 98 Ohio St.3d 44, 2002-Ohio-7044.
 {¶ 8} We note that in State v. Ahmed, 103 Ohio St.3d 27,2004-Ohio-4190, ¶ 55, the Supreme Court of Ohio explained, in reference to the Vienna Convention, that "[w]hatever individual rights the treaty may confer are waivable." As in the case before us, in State v.Lopez, 2d Dist. No. 99-CA-120, 2003-Ohio-3974, the defendant, a Mexican national, was not informed of his right under the Vienna Convention. TheLopez court found that the trial court's failure to inform the defendant of his right to consult the Mexican consulate during his criminal proceedings did not constitute plain error. *Page 4 
Appellant herein failed to raise this issue before the trial court and therefore waived all but plain error. Plain error is absent here, since appellant has not shown that, but for the claimed error, the outcome of his proceedings would have been otherwise. See Ahmed, supra, at ¶ 55. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 9} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski J., William J. Skow, P.J., Thomas J. Osowik, J., CONCUR. *Page 1